Howard Herships
P.O. Box 1501
Carmichael, Ca 95609-1501
415 933 5190

Plaintiff In Pro Se

FILED
JAN 30 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIAL

CV17 473 YGR

HOWARD HERSHIPS,

Plaintiff,

v.

DIRECTOR OF THE CALIFORNIA JUDICIAL COUNCIL IN HER OFFICIAL CAPACITY TANI CANTIL-SAKAUYE, DIRECTOR OF THE CALIFORNIA DEPARTMENT OF MOTOR VEHICLES JEAN SHIOMOTO AND THE SACRAMENTO COUNTY SUPERIOR COURT,

Defendants.

No. Civil No. ______________

**CIVIL RIGHTS COMPLAINT PURSUANT TO TITLE 42 U.S.C. § 1983 SEEKING A PRELIMARY INJUNCTION AND DECLARATORY JUDGMENT PURSUANT TO TITLE 28 U.S.C. § § 2201 & 2202, AND TRO UNDER RULES 57 AND 65 FEDERAL RULES OF CIVIL PROCEDURE AND DAMAGES AGAINST DEFENDANT DIRECTOR OF DEPRATMENT OF MOTOR VEHICLES JEAN SHIOMOTO**

JURISDICTION AND VENUE

1. The named plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution as all of defendants acts were done under color of State Law as plaintiff seeks declaratory relief which is unavailable in state court to enforce Federal Law.

2. This Court has jurisdiction pursuant to U.S.C. § 1331, because this action arises under the Constitution and Laws of the United States, and pursuant to 28 U.S.C. § 1343 (a) (3), because it seeks to redress the deprivation, under color of State Law, of rights, privileges, and immunities

secured to the named plaintiff by the Constitution and Laws of the United States.

3. This Court has authority to grant declaratory and injunctive relief pursuant to Title 28 U.S.C. § § 2201 & 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (a) (2) & (b) (1) as these actions of defendant Director of Department of Motor Vehicles is by state wide application within the meaning of subsections (a) (2) and that Defendant Director of California Judicial Council office is within this Court's Judicial District.

PRELIMINARY STATEMENT

5. This law suit is brought in connection with the notice given by the United States Department of Justice, Civil Rights Division "Dear Colleague" letter dated March 14, 2016, sent to the California Judicial Council and which was requested that the letter be forward to every judge in your jurisdiction which is attached hereto as Exhibit 1 Pages 1-9.

6. The **Judicial Council of California** is the rule-making arm of the California court system. The Judicial Council receives it jurisdiction under the California Constitution and under the leadership of the Chief Justice of the Supreme Court of California Defendant Tani Cantil-Sakauye.

7. The Judicial Council is responsible for "ensuring the consistent, independent, impartial, and accessible administration of justice." It was created by an amendment to article VI of the California Constitution in 1926.

8. California Judicial Council position on imposing exorbitant penalty assessments of thousands of dollars on traffic court defendants without holding an ability to pay hearing **"is not constitutionally infirm"**, see Exhibit 1 pages 2-3 California Judicial Benchguide § 83.16.

9. Defendant Director of the California Judicial Council Tani Cantil-Sakauye and as such is being sued in her official capacity as her capacity is to insure that the Supremacy Clause of the United States Constitution is applied in all State Court proceedings.

10. Traffic Courts in California routinely impose exorbitant penalty assessments/fines and fees on all traffic court cased over and above the statutory fines for imposed to public the public safety, see Exhibit 9 pages 57-62 Codified as California Vehicle Code § 42008.8 (a) (b).

11. These penalty assessments and fines/fees are done for one purpose and one purpose only to fund the day to day operations of the Courts in California as the Report of the California Legislative Analyst Office report issued in January 2016 shows that annual revenue for the fiscal year 2013-214 the total revenue for the Court's share was **856.8 Million dollars** see Exhibit 4 at page 31.

12. In fact the California Court systems total revenue since 2009-2014 the total revenue collected for court operations were 3 billion 429 million dollars from Traffic Court penalty Assessments and fines/fees alone, see Exhibits 4 & 5.

13. California Judicial Council 's Judges Benchguide's asserts policy and practices, which are legally unsupportable and stands in stark contrast to clearly established United States Supreme Court Law holding it **"is not constitutionally infirm" to impose a penalty assessment were the defendant has not ability to pay the fine.** See Exhibit 1 California Judges Benchguide § 83.16 revised 2014 at page 1-2.

14. In fact the Defendant Director of the California Judicial Council Tani Cantil-Sakauye view of traffic court trials in her written opinion in **People vs. Goldsmith** 59 Cal 4th 258 holding that a for-profit third party who has a contract with various municipalities can submit a computer printout of traffic violations and the documents are not subjected to cross examination at all by the party that generated them they are taken as correct, which violates the clearly established law in **Bullcoming vs. New Mexico.**

15. The United States Dept of Justice, Civil Rights Division "Dear Colleague" letter of March 14, 2016, points out specifically **"[A]dditional due process concerns arise when those designees have a direct pecuniary interest in the management of the case or the outcome of a case" and the California Court decision does not address that the third party for-profit red light camera firm must generate as much money for the local municipality to pay the $12,500.00 per month rental of the cameras and equipment.**

**16. The California Supreme Court decision in People vs. Goldsmith which held that the federal constitutional provisions do not apply to traffic court cases and was only done to maintain the revenue stream from the red light cameras which amounts to hundreds of**

**million dollars of revenue going to the Court operations.**

16. These practices of the California Judicial Council and the California Court system which plaintiff seeks to prevent those agents of the State of California from violating federal law and the Supremacy Clause since the State of California lacks the power to grant its agents authority to act in violation of clearly established United States Supreme Court law.

17. This is also the position of the United States Department of Justice, Civil Rights Division in their "Dear Colleague" letter addressing these very issues with regarding the suspension of drivers' licenses without providing an ability pay hearing and permitting a third party for profit firm from using the California Court to collect fines without allowing for that party to testify, see Exhibit 2 at pages 8-9.

18. Defendants State of California in 2015 recognized these problems with imposing penalty assessments/fines and fees to over 4.2 million licensed drivers who had their drivers licenses suspended all done without providing an ability to pay hearing and pasted SB 405, see Exhibit 9 pages 57-62.

19. SB 405 admitted that the penalty assessments fines and fees were not for the protection of the public as it codified California Vehicle Code section 42008.8 (a) (1) and provided to allow those drivers' licenses to be reinstated if the traffic court defendant would apply for an ability to pay hearing the fines imposed could be reduced by up to 80% over and above the statutory penalty to protect the public for the traffic court violations and pasted SB 405, which reduces the penalty, see Exhibit 9 at page 61.

20. However, SB 405 only provided for relief from California Unconstitutional acts for traffic court defendants who had received a traffic court ticket between the years of 2012 until December 31, 2013, all other traffic court defendants the reduction of the ability pay hearing does not apply, See Exhibit 11 letter to plaintiff from Defendant Director of Motor Vehicles Jean Shiomoto sued herein her official capacity.

21. Plaintiff herein at the trial in Traffic Court objected to having a for-profit firm submitted a computer generated printout without the ability to cross-examine the operator of the computer form being submitted as evidence under the United States Supreme Court decision in

**Bullcoming vs. .New Mexico** and the trial court commission denied said request holding that Traffic Court is not allowed to rule on the constitutionality of the evidence see Exhibit 8 page 56 and compare position of the United States Justice Dept. Civil Rights Division Dear Colleague Letter Exhibit 2 at page 10.

22. These practices of the California Court system are done for one reason and one reason only to generate revenue for the day to day court operations of the Courts, which violate Due Process of Law, the United States Justice Department called said practices the **"criminalization of poverty"** as **"these practices are geared not toward public safety, but rather toward raising revenue, they can cast doubt on the impartiality of the tribunal and erode trust between local government and their constituents". See Exhibit 3 at page 13.**

23. In fact a retired Court Commissioner expressed these very same commits in an article in the Fresno Bee and that he was under pressure to impose as much penalties as allowed under State Law. See 7 at pages 54-55.

24. The Conference of State Court Administrators 2011-2012 policy paper holds that that "Courts Are Not Revenue Centers" and asserts the principles under **Ward v. Village of Monroeville**, 409 U.S. 57 (1972), that the a judicial officer cannot have any direct/indirect pecuniary interest in the outcome of the judicial proceedings and according to money-making scheme in California is to impose exorbitant penalty assessments, fines and fees on each traffic court case to enhance the California Court cash flow, see Exhibit 6 pages 38 -53 at 51 and compare Exhibit 3 U.S. Dept of Justice investigation and Lawsuits.

25. Defendant California Director of Motor Vehicles Jean Shiomoto in her official capacity automatically suspends traffic court defendants 'drivers' licenses when the exorbitant penalty assessments, fines and fees are imposed and not paid. The Director does not allow for a hearing on the ability to pay and the suspension is for life or until the exorbitant penalties which amounts to thousands of dollars.

26. Defendant California Director of Motor Vehicles Jean Shiomoto in her official capacity as director also takes no steps to inform traffic court defendants whose drivers' licenses have been suspended for failure to pay the exorbitant penalty assessments and fines/fees without

being provide an ability pay hearing. See Exhibit 11 at page 64.

27. What is equally disturbing here is that the California Department of Motor Vehicles was sued in State Court over the very same issue suspension of drivers licenses without holding a hearing and the State of California had to pay some 5.6 million dollars in a class action lawsuit with the class size of 573 California Licensed drivers and here the number of drivers licenses which have been suspended without providing an ability to pay hearing is some 5 million drivers.

28. Defendant Superior Court of California County of Sacramento on July 8, 2015, set a court hearing on the exorbitant penalty assessment and fine before Judge Rockwell and plaintiff herein objected and requested an ability to pay hearing as plaintiff herein was on Med-Cal and under California Gov. Code 68632 come under a waiver of fees provision.

29. Plaintiff at the hearing held on July 8, 2015 requested a hearing on the ability to pay before Defendant Superior Court of Sacramento Judge Rockwell held that because this was a traffic court case the Federal Constitutional right to an ability to pay does not apply in traffic court cases in California and ordered the debt transferred to GC Services , see Exhibit 12 at page 75.

30. Director of the California Judicial Council Defendant Tani Cantil-Sakauye in response to the U.S. Department of Justice, Civil Rights Division's "Dear Colleague" letter of March 14, 2016 set a hearing for an amendment to California Rules of Court, Rule 4.355 on December 16, 2016, which provides for the traffic court to inform all current pending cases in which a traffic court defendants has pending to be informed that they have a right to an ability to pay hearing as the rule is effective on Jan. 1, 2017.

31. Director of the California Judicial Council Defendant Tani Cantil-Sakauye adoption of the new rule never provided for notification to the some 5 million California licensed drivers who had their drivers suspended without providing said hearing.

32. The Defendant Sacramento County Superior Court in addressing the new adoption of Rule 4.355 in holding a ability to pay hearing on traffic court Exorbitant penalty assessment fines & fees holds that the Sacramento County Superior Court has no jurisdiction to hold an ability to pay hearing on all cases which have been assigned to a debt collector, see Exhibit 12, at pages 70-

&72.

33. Defendant State of California lacks the power to grant to its agents' authority to act in violation of clearly established United States Supreme Court mandates by suspending plaintiff's drivers' license without first holding a hearing on the ability to pay. This is not only plaintiff's contention herein but is that also of the United States Justice Department, Civil Rights Division "Dear Colleague" letter of March 14, 2016.

34. Defendant State of California also by enacting SB 405 which codifies the right to have a reduction of the penalty assessments by up to 80% if the traffic court defendant income is within the amounts specified under California Gov. Code § 68632, (as plaintiff is), but that statute only effects traffic court defendants from 2012 until December 31, 2013, which actually is a denial of Equal Protection of Law by defendants.

35. Plaintiff brings this cause of action against defendants pursuant to Title 42 U.S.C. § 1983 cause of action seeking Injunctive relief as declaratory relief is not available in state court system as there are three actions currently pending seeking declaratory relief over the illegal suspension of drivers licenses by the State Department of Motor Vehicles in three superior court for over one year with the issue involved relates to the imposition of exorbitant penalty assessments/fines & fees imposed as a source of revenue for the California Court system.

36. Plaintiff cannot receive a fair and impartial judicial officer determination for declaratory relief in Superior Court of California in that every judge who hears the case has a direct pecuniary interest in the case as the Court debt imposed against traffic court defendants as the California Court system received 3.9 billion dollars over the last 4 years in revenue for the day to day of Court operations which is 2/3rds of the total amount collected.

37. Plaintiff applied on January 4, 2017 for ability to pay hearing pursuant Rule 4.335 with defendant Sacramento County Superior Court and that Court refused to permit the filing of said motion asserting that the Rules of Court do not apply to plaintiff's traffic court case because (1) the debt is no longer with the Sacramento County Revenue and Recovery and (2) The Court has already ruled that "[T]here is no option for you to return to court and discuss this case." See Exhibit 12 page 74.

38. Plaintiff seeks that this Court resolve the legal relationship between Defendants' refusal to hold a hearing on the ability to pay these exorbitant penalty assessments fines & fees, on traffic court cases, which practices are geared toward raising revenue for the courts and not toward addressing public safety, see Exhibit 3 page 13.

39. Defendants' suspension of plaintiff's driver's license was not because of public safety but was because plaintiff could not afford to pay the $1,465.00 penalty assessment over and above the statutory penalty for the infraction, see Exhibit 9 at page 60 and codified as California Vehicle Code § 42008.8 (b).

40. Plaintiff seeks to prevent defendants from violating clearly establish United States Supreme Court decisions in **Beardon v. Georgia** 461 U.S. 660, at 671 (1983), which prohibits "punishing a person for his poverty" which is prohibited under the Due Process Clause of the 14th Amendment.

41. The United States Supreme Court in a long line of cases beginning with **Griffin v. Illinois**, 351 U.S. 12, at 16, (1956) made clear that conditioning access or the outcome in the justice system solely on a persons' ability to pay violates the Fourteenth Amendment .

42. Defendants state actors here have and continue violate these principles in holding that they can suspend a plaintiff's drivers' license without first "inquiring into the reasons for the failure to pay.

43 Defendant California Judicial Council position is that the State Penal Code § 1202.4 (c) which permits California under State Law to impose the maximum penalty under penalty assessments/fines and fees and no ability to pay hearing is required, [S]uch a mandate is not constitutionally infirm", see Judicial Counsel of California publication Judges Benchguides 83 revised 2014 § 83.16. This holding is contrary to a myriad of established United States Supreme Court decisions dating back to 1983.

44. Defendants have stepped outside the Eleventh Amendment's immunity, and may be sued in federal court seeking an injunction to prohibit serious violations of federal law.

45. Plaintiff action is one to remedy a violation of traffic court judgment in which defendants refused and continue to refuse to provide an ability pay hearing on the exorbitant

penalty assessments/fines and fees, which are not geared toward protection of the public, but are actually geared toward funding the day to day operation of the Courts in billions of dollars.

46. Defendants imposition of the penalty assessments fines and fees over and above statutory fine imposed for public safety, (in plaintiff case $200.00), and then impose some $1,465.00, in penalty assessments/fines and fees, which is geared to pay for day to day court operation violates Due Process of law, as the judicial officer has a clear direct/indirect pecuniary interest in the outcome of every case and when added up on annual basis over the last 4 years amount to some 3.9 billion dollars or approximately 1 billion dollars annually.

47. All Defendants have a legal obligation to notify all California Licensed drivers who have had their drivers license suspended for none payment of traffic court imposed judgments notice that they have a right to have a hearing on the ability to pay this is request as it should be public policy imposed upon defendants all of them that defendants acts were in violation of Federal Law.

48. Defendant director of the Judicial Council policies and practices of impose exorbitant penalty assessments fines and fees for the sole purpose for funding the court which 2/3 of these fines are earmarked for day to day court operations violates Due Process of law as it places the judicial office responsibilities to maintain the high level of contribution from these exorbitant penalty assessments fines and fees for the revenue of the courts in California. See Conference of State Court Administrators 2011-2012 Policy Paper "Courts Are Not Revenue Centers" Exhibit 6 at page 51.

49. California Courts acts herein of suspending of drivers licenses without an ability to pay hearing or even making a finding of a willful violation of failure to is actually the California Court system is nothing more than "Criminalization of poverty" that is not of the traffic court defendant's making as by do so defendants are adjudged guilty of a criminal violation under California Vehicle Code § 42008

50. There is no declaratory relief in State Court is unavailable as there has been three state Court actions filed as well as the United States Justice Department Civil Rights Division "Dear Colleague" letter and an extensive letter writing campaign by the ACLU against the illegal

practices of the California system not providing an ability to pay hearing prior suspension of traffic court defendants, see Exhibit 2.

51. As a direct result of the ACLU advocacy Contra Costa County and San Francisco County has placed a moratorium on suspension, see Exhibit 13.

52. The other two lawsuits have filed by there has been no responsive pleading by the State of California to these illegal practice and no further litigation.

53. Protection of civil liberties and civil rights is basic to American political values and it is in the public policy to stop these illegal acts by the California Court system of suspension of a driver's license without an ability to pay hearing and to notify all traffic court defendants of their rights to such a hearing.

54. Defendants violations of clearly, established United States Supreme Court Law even after be being put on notice by the United States Department of Justice, Civil Rights Division in March of 2016, of California Court system of continuing in its untoward ways and refuses to permit an ability to pay hearings on suspension of a plaintiff's drivers license.

55. Defendants acts open yawning breach in the rule of law as defendants refused to permit an ability to pay hearing creates serious violation of Federal Law.

56. Defendants systematically violated over 4.2 million licensed drivers in California federal constitutional rights and have admitted by both enactment of SB 405 as well creating a new Rule of Court requiring that the Traffic Court must notify the traffic court defendants that they have a right to an ability to pay hearing but takes no steps to notify all defendants who have had their drivers licenses suspend of the change in the law.

57. These systematic breaches of federal constitutional rights by Defendant Director of the California Judicial Council and the Sacramento County Superior Court continue throughout the traffic court system at every level of the proceedings as can be shown by reporters transcript were the Court Commissioner asserted that federal constitutional issues are not permitted to be ruled upon in traffic court, see Exhibit 8 page 56.

58. In fact plaintiff herein addressed these violations on a direct appeal of rights from said ruling in the Appellate Division of the Superior Court in which no opposition was ever filed and

the Defendant Court affirm the traffic Court conviction hold that Supremacy Clause of the United States Constitution is not permitted to be addressed in California Traffic Court.

PARTIES

59. Plaintiff Howard Herships is a 73 old veteran who lives in Sacramento County and is on Med-Cal who requested a hearing on July 8, 2015 on the issue of the ability to pay a $1,665.00 traffic court judgment and Judge Rockwell refused by asserting that federal constitutional issues cannot be contested in traffic court.

60. Plaintiff then when Defendant Director of the California Judicial Council implemented A new Rule of Court, Rule 4.335 to address the United States Justice Department, Civil Rights Division's objections to California Court systems illegal conduct in imposing suspensions of drivers licenses without the ability to pay hearings in violation of Due Process of Law. See Exhibit 2.

61. Defendants newly enacted Rules of Court Rule 4.335 does not address the retroactive of the total failure to provide an ability of hearing by the State of California and provide notice to all traffic court defendants who have had their drivers licenses suspended without a hearing.

62. Plaintiff applied for said hearing on January 4, 2017 and the requested was denied because (1) Plaintiff's traffic court judgment had been referred to a collection service GC Services and as such an ability to pay hearing does not apply, (2) The Sacramento County Superior Court was not jurisdiction to modify the judgment as the Court has already made said determination, see Exhibit 12 pages 70, 72 &74.

63. Defendant Judicial Council's Rule of Court Rule 4.355 in the "Advisory Committee Comments" (1) the "Court should take into account factors including ..... Med-Cal" see Subdivision (b) and (2) "The amount and manner of paying the total fine must be reasonable and compatible with defendant's financial ability". See Subdivision (c) (4) of Rule 4.335.

64. Defendant Director of the Judicial Council duties sets priorities for the judicial branches of the government by requiring the trial courts to comply with the Rules of Court, pursuant to its duty under Title 10 Judicial Administration Rules , Rule 10.1 (2) and California Constitution Article 6 § 6 (d) requires the defendant Judicial Council to **"adopt rules for court**

**administration, practice and procedure, and perform other functions prescribed by statute. The rules adopted shall not be inconsistent with statute."**

65. Plaintiff contacted California Judicial Council regarding the total failure of the Defendant Sacramento County Superior Court to permit the filing of the an ability to pay based upon plaintiff receiving Med-Cal benefits and the Defendant Sacramento County Superior Court refusal and the Judicial Council asserted that they have no jurisdiction over the Defendant Superior Court and that they can do anything they want.

66. Defendant Director of the California Judicial Council lacks the power to grant to its agents, (Defendant Sacramento County Superior Court and Director of the California Department of Motor Vehicles), authority to violate of Federal Law by suspension of traffic court defendants drivers' licenses without first holding a hearing on the ability to pay.

67. Defendant Director of the California Judicial Council had been put on notice of the serious violations of Federal Law by the United States Justice Department, Civil Rights Divisions in March of 2016 and still refuses to addresses California's refusal to inform the traffic court defendants who have been denied Due Process of Law by California continuing to reinstate those drivers licenses and provide a hearing on the ability to pay.

68. Defendant Director of the California Judicial Council sole purpose to continue in its untoward ways are done to maximize the Courts' cash flow in violation of clearly establish United States Supreme Court Law, as every adjudication by any judicial office has a direct pecuniary interest in the outcome of the traffic court case as the California Courts share of the penalty assessments /fines and fees equal 66.66% and amounts to 1 billion dollars annually going directly to the California Court system and funding the day to day operations of the Court.

69. Defendant Director of the California Judicial Council imposition of the penalty assessments/fines and fees have no relationship to the statutory fine for the traffic court code violations which is for public safety.

70. These acts of the Defendant Director of the California Judicial Council violates every traffic court adjudication as the judicial officer making said decision has a direct/ indirect pecuniary interest to make a finding of guilty to fund the Court's day to day operations in the

amount of one billion dollars annually. See Exhibits 4 & 5.

71. Defendants have no intentions of providing plaintiff herein with an ability to pay hearings as they just continue in their untoward ways of collections of exorbitant penalties and fines and fees for their day to day operations of the Court.

72. Plaintiff's drivers' license was suspended on August 14, 2015 by defendant Director of California Motor Vehicles Jean Shiomoto without any hearing until the total amount of payment of $1,665.00 is paid or for life, whichever is sooner, sees 10 at page 63.

73. Defendants by enacting SB 405 which codified California Vehicle Code § 42008.8 (a) & (b) have admitted (1) that" **driving is a fundamental need of virtually every person"**. And (2) that **"driver's licenses have been suspended, not because they are a danger to public safety, but because they could not pay the fines associated with the minor traffic tickets and other related fees and assessments."**

**74. Defendants have violated the Constitution in not only imposing exorbitant penalty assessments, fines & fees on minor traffic code violations without addressing and providing an ability pay hearing to the defendants prior to suspending drivers licenses, but have also violated the Constitutional provisions that the State Court system cannot not have a direct or indirect pecuniary interest in the outcome of the judgment rendered in the traffic court cases as the California's Court system share of the revenue produced by these exorbitant penalty assessments, fines and fees on minor traffic violations amount to one billion dollars annually, which used for the day to day court operations.**

CLAIMS FOR RELIEF

75. Plaintiff incorporates the allegations of paragraphs 1-74 above with the same force and effect as if herein set forth.

76. The Fourteenth Amendment to the United States Constitution, enforceability pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV § 1.

77. The Due Process Clause prohibits the State from subjecting individuals to processes and penalties that fail to comport with the principles of due process of law and fundamental

fairness.

78. The United States Supreme Court has repeatedly held that punishing a person solely for his inability to pay, without holding a hearing on the defendant's rights to a hearing on the ability to pay, violates principles of due process of law and fundamental fairness.

79. The State of California Court system imposing of penalty assessments and fines, which are done solely to generate revenue for the day to day court operation for billions of dollars per year automatically and mandatorily, which requires traffic defendants to pay without any ability to pay hearing prior to suspension of plaintiff's drivers license.

80. Defendant Superior Court of Sacramento County illegal scheme is to transmit to defendant Shiomoto a record of plaintiff's willful failure to pay and done without any inquiry into the reasons for nonpayment, or consideration of whether the plaintiff even had the ability to pay at all.

81. Defendant Director of California Judicial Council license for payment scheme automatically and mandatorily, (without any consideration of plaintiff's ability to pay or a determination if the failure to pay was willful), suspended plaintiff driver's license, which is even in violation of California Vehicle Code § 40508 (b).

82. In this regard, all Defendants license-for-pay scheme inevitably resulted in plaintiff being punished for his inability to pay.

83. Punishing a defendant solely for his inability to pay violates principles of due process and equal protection of the laws and fundamental fairness.

84. Accordingly, the California's license-for-pay system violates the Due Process Clause and the Equal protection Clause of the United States Constitution.

85. Plaintiff's driver's license and its attendant government-sanctioned ability to drive have been clearly established by United States Supreme Court Law that cannot be taken away without due process of law.

86. Due Process requires that California to conduct an ability to pay hearing at such stage of the case, including the point at which it proposes to take coercive action to punish nonpayment, which all defendants have been point on notice ever since March 14, 2016 by the "Dear

Colleague" letter from the United States Department of Justice and the all defendants have decided to continue in their untoward ways.

87. As described above, Director of the California Judicial Council policy of license-for-pay and automatically and mandatorily without either an ability to pay hearing or any requests by the defendant Court of why wasn't the judgment paid and then requires Defendant Shiomoto to suspend plaintiff's drivers license all done with absolutely no inquiry to any reasons.

88. The purpose of the State of California's license-for –pay is to coerce payment so as to maximize and generate the most revenue for the Court system for its ongoing operations of the Court which has amounted to one billion dollars annually.

89. In the absent of holding any hearing on either the ability to pay or make a finding that the failure to pay was willful required by State Law before a driver's license can be suspended, to wit § 40508 (b) of the Vehicle Code defendant Sacramento County Superior Court has deprived plaintiff of drivers license for reasons direct attributable plaintiff poverty.

90. The high risk of deprivation created by the Defendants' automatic, one-size-fits-all driver's license suspension system violates Due Process Clause of the United States Constitution.

91. The United States Supreme Court has clearly established the principle that punishing a person solely for his or her poverty, violates the principles of fundamental fairness embedded in the Fifth and Fourteenth Amendments of the United States Constitution.

92. Defendants acting through defendant Shiomoto to illegally invoke a license-for, payment scheme, which automatically and mandatorily without holding either an ability to pay hearing or to make an inquiry to a finding if fact that the failure to pay was willful refusal to pay.

93. All defendants' acts take coercive action against plaintiff whose poverty makes it impossible for him to comply to.

94. California's scheme inevitably results in enforcing financial obligations on traffic court defendants who lack the foreseeable ability to meet them.

95. All the Defendants knew at all times of the illegal scheme had full knowledge as some 5 million drivers licenses were suspended without any hearing on the either the ability to pay or making any inquiry into if the failure to pay was willful.

96. Defendants acts were willful as all defendants knew at all times that prior to any suspension of a drivers license requires a hearing and defendants decided to willfully violate the Equal Protection Clause of the U. S. Constitution and continue to do so.

97 The United States Supreme Court has held that, when the Courts seek to have a direct/indirect financial interest imposing penalty assessments and fees in which the Court receives annually 1 billion dollars, "it certainly violates the Fourteenth Amendment, and deprives a defendant in a criminal case of due process of law, to subject his liberty or property to the judgment of a court the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case."

98. California's license-for-payment system violates the Due Process Clause of United States Constitution because it causes substantial hardship to plaintiff and bears no rational relationship to any important or legitimate government object.

99. The United States Supreme Court has held that, when government seeks to recoup the costs of the operation of the state court system from indigent defendants, the Courts may not take advantage of their position to utilize charging exorbitant fees and harsh methods of debt collection solely because the debt is owed to the government and not a private creditor.

100. California's sole purpose for charging exorbitant penalty assessments and late fees are geared not toward addressing public safety, but rather toward raising court revenue to subsidize the Court funding, which in itself a violation of Due Process of Law.

101. When a private creditor seeks to enforce a judgment against a debtor via garnishment or lien the law provides for procedural and substantive protections for poor debtors here the California provides no protection what so ever and California continues in its untoward ways to fund their cash strap Court system by one billion dollars annually on the back of the traffic court defendants.

102. When California acting through defendant Shiomoto takes advantage of her position at the controls of the machinery of government peremptorily strip debtors of their driver's licenses, it denies court debtors procedural and substantive statutory protections that are mandated by Due Process of Law and clearly established United States Supreme Court Law.

103. Defendant Shiomoto illegal acts of automatic and mandatory suspension traffic Court defendant's driver's licenses without providing proper any administrative hearing to even determine the ability to pay violates United States Supreme Court Law, moreover, these illegal acts continued after the State of California enacted SB 405 acknowledging the ability to pay must be address as such Defendant's Shiomoto acts violates plaintiff's rights to Equal Protection of Law.

104. Defendant Shiomoto acts of suspension of Drivers Licenses without providing a hearing to determining the ability to pay was done willfully, with malice and forethought in a fraudulent scheme to increase the revenue to the California Court system.

105. Defendants conduct is actually "**criminalization of poverty**" by defendants total failure to hold a hearing on the ability to pay prior suspension of a drivers license as by doing so defendants makes some 5 million drivers who lost their drivers license guilty of a misdemeanor pursuant to California Vehicle Code §§ 42003 and 40508 (b) which plaintiff could be criminal prosecuted all for the very reason that that the State Court system seeks revenue.

106. Despite knowledge that California recognized in enacting SB 405 and providing for an "amnesty program "on the very subject matter of the ability pay all of the defendants continue in their untoward ways in violation of plaintiff's Due Process Rights and the Equal Protection of the Law.

107. All of Defendants illegal acts show a totally disproportionate penalty as applied to plaintiff for a minor traffic code violation for having a life time suspension of a drive license for failure to pay a $200.00 statutory penalty plus $1,465.00 in penalty assessments plus $55.00 making the total penalty some $1,665.00 all imposed without any ability to pay hearing or have an administrative hearing vs. a criminal violation for DUI, which is a criminal violation with a $3,000.00 penalty and a right to an administrative hearing prior to suspension of a drivers license. See Exhibit 11 at pages 64-69

108. California's severe and coercive collection policies and practices constitute invidious discrimination and violate the fundamental principle of equal protection of the laws embedded in the United States Constitution.

109. California Senator Herzberg has introduced SB 185 on January 25, 2017, which does not address the California's unconstitutional conduct of imposing exorbitant penalty assessments, fines and fees done solely as a means of generating revenue for the California Courts share in amounts of one billion dollars annually. See Exhibit 4 & 5 Legislative Analyst Office showing that California Courts receive 66% of the penalty Assessments, fines and fees totaling some 1 billion dollars annually. See Exhibit 13.

110. Defendant Director of the California Department of Motor Vehicles acts violated plaintiff's federally protected rights to Due Process of Law as plaintiff had a right to a hearing which comports to Due Process of Law prior to suspension of plaintiff's rights to maintain his drivers' license.

111. Defendant Directors of Motor Vehicles acts were willful, malice and done with forethought to injure plaintiff as the California Department of motor vehicles has already put on notice in a prior case that drivers licenses could not suspended without a hearing in a prior class action which the defendant Dept. of Motor Vehicles end up paying some 5.6 million dollars.

REQUESTED RELIEF

WHEREFORE, plaintiff respectfully requests that this Court provide the following relief:

a. Issue a judgment declaring that the defendants'' policies, practices, acts and/or omissions as described herein are unlawful and violate Plaintiff's rights under the Constitution and laws of the United States;

b. Preliminary and permanently enjoin the defendants, their subordinates, agents, employees, representatives, and all others action or purporting to act in concert with them or on their behalf from issuing or process of orders of driver's licenses suspension for unpaid traffic Court judgments until such time as defendants provide an ability to pay hearing which complies with Due Process of Law;

c. Preliminarily and permanently issue an injunction ordering defendants to reinstate Plaintiff's drivers license suspended based upon an unpaid traffic court judgment and enjoining defendants from requiring plaintiff to pay for the reinstatement of plaintiff drivers' license as a

condition of such reinstatement.

d. Order defendants to stop the imposition of penalty assessments and fines and fees on traffic tickets that are not geared not toward addressing public safety, but rather toward raising revenue for the day to day operations of the Court system as it cast doubt on the impartiality of the tribunal, which creates a "Due Process" violation as the judicial Officer has a direct/indirect pecuniary interest in imposing the assessments/fines and erode trust between local governments and their constituents;

e. Order defendant Director of DMV to notify all traffic court defendants that have had their drivers licenses suspended without proving an ability pay hearing as is required by federal law;

f. For actual damages against the defendant Shiomoto as Director of DMV while operating under Color of State Law for suspension of plaintiff's drivers license without a Due Process of Law hearing on the ability to pay subject to proof;

g. For punitive damages against defendant Shiomoto for her willful violation of while operating under color of State Law as the very Department was put on notice in 2008 by a civil suit which resulted in a settlement of 5.6 million dollars and the Departments continued in its untoward ways and refuses even after requesting a hearing;

h. Award plaintiff his litigation costs pursuant to 42 U.S.C. § 1988 and other applicable law; and

i. Grant all such other relief and further relief as this Court may deem necessary and/or appropriate in the interest of justice.

Dated Jan. 10, 2017

Howard Herships

VERIFICATION

I declare as follows:

I am the plaintiff in the above entitled case and I have read the above complaint for Preliminary Injunction and I know its contents based upon first hand personal knowledge and they are true and correct.

I declare under penalty of perjury that all of the above is true and correct under theLaws of the State of California.

Dated Jan. 30, 2017

At San Francisco, Ca

____________________

Howard Herships