Howard Herships
P.O. Box 1501
Carmichael, Ca 95609-1501
415 933 5190

Plaintiff In Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIAL

**CV17  473**

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>               Plaintiff,<br><br>V.<br><br>DIRECTOR OF THE CALIFORNIA JUDICIAL COUNCIL IN HER OFFICIAL CAPACITY TANI CANTIL-SAKAUYE, DIRECTOR OF THE CALIFORNIA DEPARTMENT OF MOTOR VEHICLES JEAN SHIOMOTO AND THE SACRAMENTO COUNTY SUPERIOR COURT,<br><br>               Defendants. | No. Civil No. ___<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR EX PARTE TEMPORAY RESTRAINING ORDER PURSUANT TO RULE 65 a FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**HEARING DATE:**<br>**TIME:**<br>**COURT ROOM:** |

## JURISDICTION

This case arises under the Fourteenth Amendment to the Constitution of the United States and presents a federal question within this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343 (a) (3) (4) and Title 42 U.S.C. § 1983 and Federal Rules of Civil Procedure Rule 65 (a), as the issues in this case arise against defendants who suspended plaintiff's drivers license under

1

defendants policy of automatically suspending drivers licenses for failure to pay a court imposed judgment from traffic court without providing an ability pay hearing. Defendants practices were done even after the United States Department of Justice Civil Rights Division issued a "Dear Colleague" Letter on March 14, 2016 informing the Defendant Director of the California Judicial Council of the serious violations of the clearly established United States Supreme Court Law. Plaintiff has requested the Defendant Sacramento County Superior Court for an ability pay hearing and was informed that the Court has no jurisdiction to hold an ability to pay hearing as such plaintiff bring this TRO seeking emergency relief to obtain a Order reinstating plaintiff' drivers license.

## STATEMENT OF UNDIPUTED FACTS

1. On March 14, 2016, the United States Department of Justice Civil Rights Division issued a "Dear Colleague" letter sent to the California Judicial Council pointing out that the California Court system violates United States Supreme Court clearly, established law in violation of "Due Process of Law" when traffic courts judges do permit the holding of an ability pay hearing prior to suspension of drivers licenses. See Exhibit 1.

2. The United States Department of Justice in connection with said letter issued a $500,000.00 grant to California to address these issues and correct these violations of traffic court Defendants' who have their drivers' licenses suspended based upon the State of California's license-for-pay all done without an ability to pay hearing and imposing exorbitant fees solely to increase the California Court Revenue for use for the day to day operations of the Courts.

3. Defendant Director of the California Judicial Council on December 16, 2016, held a public hearing amending California Rules of Court, Rule 4.335 which, does not notify the some 5 million California Licensed drivers who illegally never had any ability pay hearing prior to California Department of Motor Vehicles suspending their driver's license, as the Rule change

2

only applies to current pending traffic court cases.

    4. Defendant Sacramento County Superior Court asserted that because the traffic court judgment has been referred to GC Services the Court has no jurisdiction to entertain any ability pay hearing to reinstate plaintiff drivers' license see Exhibit 12 pages 70-76.

    5. Defendant Director of California Judicial Council in the California Administrative Office of the Court , Benchguide 83 § 83.16 holds that the trial court must impose the penalty assessments/fines and fees even when the traffic court defendant is unable to pay it because under California Penal Code "it is not constitutionally inform" see Exhibit 1 pages 1-2.

    6. The California judicial decisions in **People vs. Goldsmith** 59 Cal4th 258 (2014) held that a defendant in a criminal case is prohibited from demanding their right to cross-examine a third party witness from a **for profit firm** who actually issued the traffic violation, which is addressed also in the "Dear Colleague" letter as the firm has a direct pecuniary interest to obtain a conviction to collect its commission on the ticket from rental of the equipment, see Exhibit 3 at Page 10.

    7. Defendants conduct of refusal to address federal constitutional issues can be shown in plaintiff's traffic court case even at the trial stage were the Court commissioner stated that **"I'm not in a position to rule on the constitutionality of something."** See Exhibit 8 page 56.

    **8.** Nor does defendants refusal to address these serious violations of the **Supremacy Clause** stop here as on after the Appellate Division of the Superior Court affirm the traffic court judgment holding that the Federal Constitutional Rights of Traffic Court defendant does not apply in traffic court.

    9. On July 8, 2015, after the remeittitur issued by the Appellant Division plaintiff was ordered back to court before Judge Rockwell and plaintiff herein requested an ability to pay hearing because plaintiff was on Med-Cal and under California Vehicle Code section 68323

3

would require a reduction under SB 405, the Judge denied plaintiff's rights under clearly established federal law and started the process to have plaintiff's drivers license suspended, see Exhibit 12 at page 76.

10. Defendant Director of California Department of Motor Vehicles then suspended plaintiff drivers' license without providing a hearing on the ability to pay on August 14, 2015.

11. Plaintiff contacted the Defendant Directors Office and requested an administrative hearing which was denied.

12. Plaintiff once again objected to the California Department of Motor Vehicles suspension of his drivers' license and defendant Department of Motor Vehicles asserted via letter that plaintiff does qualify to have his penalty reduced by 80% based upon plaintiff being on Med-Cal because the ticket was issued after Dec. 31, 2013and plaintiff would have to pay the full amount ($1,610.00) plus $55.00 see Exhibit 10 page 63.

13. California enactment of SB 405 recognizing the ability pay hearing was required and set up procedures for traffic court defendants who had their driver's licenses suspended to have up to 80% of the judgment reduced if the defendants were on a public benefit program as defined by California Gov. Code § 68632 violates the "Equal Protection of Law clause of the 14th Amendment.

14. Defendant Director of the California Judicial Council being the Chief Justice of the California Supreme Court knew at all times that a traffic court defendant who does not poses a risk to public safety, had a right under clearly established United States Supreme Court to hearing prior to having his drivers' license suspended based upon the ability to pay.

15. Defendants at all times never provide defendants in traffic court proceedings with an ability pay hearing as was required under clearly established United States Supreme Court law as stated in the "Dear Colleague" letter from the United States Justice Dept. Civil Rights

4

Division, see Exhibit 2 pages 3-11.

16. Defendants have suspended some 5 million drivers' licenses resulting from a court imposed debt by traffic court which represents some 17% of the driving population all done without permitting a hearing on the ability to pay even through at all times one was required under clearly established United States Supreme Court Law.

17. Defendants imposition of the penalty assessments/fines and fees "to the extent that these practices are geared not toward addressing public safety, but towards raising revenue, they cast doubt on the impartiality of the tribunal and erode trust between local government and their constitutes, it continues." See Exhibit 3 at page 13.

18. These practices of imposing exorbitant penalty assessments/fines and fees, on top of the fine for public safety are being done for one purpose and one purpose only to generate revenue for the day to day court operations as can be proven by exhibits 4 & 5 which shows that 66% of all these fines go to the California Court system of one billion dollars a year.

19. These acts of imposing penalty assessments/fines and fees to generate revenue to the California Courts of one billion dollars annually violate Due process of law as stated in the Policy Paper 2011-2012 "Courts Are Not Revenue Centers" issued by the Conference of State Court Administrators, which cited **Ward vs. Village of Monroeville** 409 U.S. 57 (1972), see Exhibit 6 at page 51.

20. The United States Supreme Court in **Ward vs. Village of Monroeville** 409 U.S. 57 (1972), which is a traffic court case held that were the justice of the peace was also the mayor of the village and were the Village received 30% of the revenue generated by each conviction in traffic court violated Due Process of Law because the judicial office had a direct pecuniary interest in the outcome of each traffic ticket, here the California Courts share of each penalty assessments/fines and fees amount to 66% and collect annually some 1 billion dollars which goes

to fund the day to day operations of the California Courts a direct pecuniary interest in the outcome of each and every traffic ticket.

21. Defendants Director of California Judicial Council in response to the United States Dept. of Justice, Civil Rights Division "Dear Colleague" letter enacted a Rules of Court change to address the failure of the traffic courts in the States of California to hold "Ability to Pay Hearings by requiring the trial court to inform each traffic court defendants of their right to have a hearing held prior to having their drivers' license suspended see Rule 4.335, which was effective Jan. 1, 2017.

22. Plaintiff on January 4, 2017, submitted an application based upon plaintiff was receiving public benefits, Med-Cal and has no ability to pay the $1,465.00 penalty assessments/fine and fees imposed to reinstate plaintiff drivers' license.

23. Defendant Superior Court of California County of Sacramento refused to permit plaintiff from filing for his ability to pay the traffic court penalty assessments/fines and fees of $1,465.00 based upon Defendant Court's rules which prohibits the filing of ability to pay traffic court judgments which have been assigned to collections, see Exhibit 12 at page 70.

24. Defendants herein conduct are in violation of the Title 42 U.S.C. section 1983 as defendants at all times have admitted that the penalty assessments/ fines and fees must be reduced for defendants who have low income and on public benefits by up to 80% under SB 405 and by the Rule change, (4.355), implements only after the United States Justice Dept, Civil Rights Division "Dear Colleague" letter of March 14, 2016.

25. Defendants Rule Change (Rule 4.225), however, does not provide for notice served on the some 5 million California Drivers who have had their drivers licenses suspended without providing for an ability to pay hearing, nor does it provide for a Due Process hearing before a judge as here plaintiff's application was rejected by a deputy clerk of the Court who has made a

6

judicial decision that the Rue 4.355 does not apply toward plaintiff, hardly a determination by a judicial officer under a Due Process of Law.

26. Defendants illegal conduct as stated by both the "Dear Colleague "letter of March 14, 2016 and the Investigation by the United States Dept of Justice Civil Rights Division which turn "Court systems into these kinds of money making schemes-charging exorbitant fees" see Exhibit 3 page 13.

27. Defendant Director of the California Judicial Council has no intentions of providing hearings for traffic court defendants who were denied an ability to pay hearing prior to have their drivers' license being suspended and just continues in their untoward ways.

28. Defendants in fact admit that by enacting SB 405 which codified that the suspension of the traffic court defendant for failure to pay was **"not because they are a danger to public safety, but because they could not pay fines associated with the minor traffic ticket and other related fees and assessments."** See Exhibit 4 at page 34 Subsection (b).

**29. Defendants further admit by codifying California Vehicle Code § 42008.8 (a) that a drivers' license "[I]n short, driving is a fundamental need of virtually every person in the state. "**

30. Plaintiff's driver's license is a protective interest that once issued cannot be revoked or suspended **"without the procedural Due Process required by the 14th Amendment"** Bell vs. Burson, 402 U S 535 at 539 (1972).

31. Here defendants at all times refused and continue to refuse to provide an ability to pay hearing as there is no question of public safety and the absolute need for a drivers license in California.

32. Unless enjoined by this Court, defendants' acts have severely injured plaintiff's ability to function without a drivers' license unable to do grocery shopping, unable to obtain medical

7

treatment for current medical conditions and unable to have medical procedures performed, which effects the quality of life.

33. There is no public safety issue regarding reinstatement of plaintiff's drivers license as the sole reason by defendants' acts for suspension was non-payment of court order debt, all done without providing a ability pay hearing prior to the suspension.

34. Defendants Sacramento Superior Court and Director of Motor Vehicles even after the Defendant Director of the California Judicial Council enacted Rule 4.335 still refuses to provide an ability pay hearing.

35. Given the importance of a driver's license to plaintiff and the significant risk of erroneous suspension due to lack of any meaningful opportunity for plaintiff to be heard regarding the undisputed facts given rise to the suspension of the drivers' license and defendants' and the nature Defendants Sacramento Superior Court and Jean Shiomoto interests, Defendants' interest as well as the impact additional procedural protection would have on Plaintiff's drivers license suspension practices that failed to comport with procedural Federal Due Process and Equal Protection of the law and as well as California Statutory protection under California Vehicle Code § 42003 and which defendants totally ignored and done to generate as much revenue for California Court system.

36. Granting this request for TRO/Preliminary relief well serve the public interest as California on a routine basis has suspends over 4.2 million California Drivers' licenses all done for failure to pay these exorbitant penalty assessments and fees/fines of over $1,410.00 and with ability to pay hearing.

37. Plaintiff will prevail in this action as plaintiff had an absolute right to ability pay hearing prior to defendant Shiomoto's suspension of plaintiff's driver's license based upon plaintiff being public benefyts which would require the $1,410 penalty assessment to be reduced.

8

38. Defendant Director Shiomoto is well aware of these violations as this very department was sued in the pass over the very same grounds in a class action law suit and the California Court of Appeal affirmed the granting of a TRO /Preliminary injunction and the California DMV had to pay some 5.6 million dollars to a class of some 573 plaintiffs who had their drivers licenses illegal suspended.

39. Defendants acts herein has **"criminalized poverty"** by never inquiring of the ability to pay or make a finding of fact that failure to pay was in fact willful which is required prior to suspension of a drivers' license under California Vehicle Code §§ 43002 and 40508 (b) these acts of defendants are done for one reason and one reason only is to extract as much money from the uninformed traffic court defendant of the exorbitant penalty assessment and fines, which are the highest of any state $1,410.00 in California vs. New York $250.00.

40. Defendants acts of holding a hearing, which does not comport to Due Process of law which is required by United States Supreme Court clearly established law that prior to suspension of an drivers' licenses a defendant must be provide an ability to pay hearing, which defendants are all times refuses to do.

41. Defendants at all times make no attempt to inform all defendants who have had their drivers licenses suspended in violation of an ability to pay hearing as defendants proceed in their untoward ways in direct violation of the defendants rights to have their drivers licenses reinstated as relief required is in the public interest as the integrity of the California Court system is placed in serious jeopardy as willful denial of a Constitutional right cannot be accomplished by not notifying an uninformed defendant.

42. Defendants herein are all operating under Color of State Law and these acts are in complete absent of fundamental fairness as clearly a judicial officer is not allowed to impose a penalty on a traffic court defendant, which violates United States Supreme Court clearly establish

9

as the Supremacy Clause of the Constitution prevents that.

43. Defendants in response to the United States Justice Department Civil Rights Divisions "Dear Colleague" letter of March 14, 2016, responded by enacting a new rule of Court, Rule 4.335 made effective on Jan. 1, 2017, that defendants in traffic must be informed of an ability to pay hearing.

44. However, Defendants have at all times refused to address their past illegal and unconstitutional acts which have suspended over 5 million drivers licenses all done in violation of clearly established law.

45. Defendants refusal to inform all 5 million California drivers who have suffered suspension of their drivers' licenses that they are entitled to a hearing shows defendants bad faith, which is a denial of fundamental fairness as the Courts are not a mechanism to deprive an unwary defendant of the their federal protected rights to have an hearing on the ability to pay prior to having their drivers licenses suspended.

46. Defendants herein were put on notice in March 14, 2016 that their procedures in automatic suspension of defendants' drivers in traffic court without providing a hearing on the ability to pay violated clearly established United States Supreme Court Law and Defendants' response was **we do not care and defendants just continue these serious violations of the United States Constitutional protection, nor is this an isolated case as defendants conduct herein has effective some 5 million drivers licenses California have been suspended illegally and California just continues in its untoward ways giving no notice to said defendants to get their licenses reinstated.**

**47. Requiring the filing of this complaint for Preliminary Injunction and TRO as Defendants have no intentions of complying with the U S Justice Department Civil Rights Division's "Dear Colleague" letter and defendants only reason that plaintiff's drivers license has been suspended is for nonpayment of exorbitant penalty assessments in the amount of $1,465.00, which is not predicated on a suspension for public safety.**

**48. Petitioner lives in a rural area far from public transportation and need the**

10

reinstatement of drives' license so that petitioner can doing grocery shopping, obtain medical treatment for petitioner's medical conditions which are required as currently petitioner has two medical procedures scheduled in which petitioner will be unable to attend if this TRO is not granted, which would be prejudicial to petitioner health.

49. Plaintiff is suffering irreparable injury and is unable to function in the normal day to day activities from everything from going grocery shopping getting medical treatment and obtain medical procedures effecting plaintiff on a daily basis.

50. Defendants conduct in refusing to provide for an ability to pay hearing is beyond the pale as clearly established law of the United States Supreme Court and as stated in the Dear Colleague letter by the United States Justice Dept. Civil Rights Division.

This Emergency Motion is supported by the Current filed "Dear Colleague Letter of the United States Justice Department "Dear Colleague" letter to the California Judicial Council pointing out California Illegal acts of suspending California driver's licenses without ever holding a hearing on the ability to pay. Nor is this an isolated incident as California has suspended over 5 million driver's license in its scheme of license- for- payment, which has amassed over 10 billion dollars in court debt.

Plaintiff is suffering irreparable injury as plaintiff is unable to obtain medical treatment as plaintiff is not allow to drive legally to treat plaintiff's medical conditions, is unable to drive to do the normal day to day shopping for groceries based solely on defendants illegal conduct of refusal to provide an ability hearing as plaintiff is and has been on Med-Cal which would require a reduction of 80% of the exorbitant penalty assessments/fines and fees whose sole purpose is to fund the California Court System.

WHEREFORE, plaintiff prays that the defendants and all persons action on its behalf shall reinstate plaintiff drivers license forthwith pending entry by this Court of a final preliminary injunction/ permanent injunction prohibiting these illegal and unconstitutional acts of all defendants.

Dated

*/s/ Howard Herships*

Howard Herships

11

## VERIFICATION

I declare as follows:

2   I am the plaintiff in the above entitled case and I have read the above Application for Ex
3   Parte TRO and I know its contents based upon first hand personal knowledge and they are true
4   and correct.
5   I declare under penalty of perjury that all of the above is true and correct under the Laws
6   of the State of California.
7   Dated Jan. 30, 2017
8   At San Francisco, Ca

Howard Herships

12