UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOWARD HERSHIPS**,<br>　　　　Plaintiff,<br>　v.<br>**TANI CANTIL-SAKAUYE, ET AL.**,<br>　　　　Defendants. | Case No. 17-cv-00473-YGR<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 3, 10 |

On January 30, 2017, plaintiff filed a complaint against the California Judicial Council, the California Department of Motor Vehicles, and the Sacramento County Superior Courts alleging that the same have violated his due process rights by suspending his driver's license without providing him with an ability to pay hearing. (Dkt. No. 1.) Concurrently, plaintiff also filed a motion for a temporary restraining order asking this Court to order the reinstatement of his driver's license. (Dkt. No. 3.) The Court held a phone conference on February 6, 2017, during which the parties discussed potential avenues for informal resolution of the instant action. (Dkt. No. 9.) On February 13, 2017, plaintiff filed an amended motion for a temporary restraining order, in which he made claims that defendants were refusing to participate in the necessary processes to resolve his claim. (Dkt. No. 10.)

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors: (1) that he is likely to succeed on the merits; (2) that he is

likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.*, 555 U.S. 7, 20 (2008).

While the Court takes no position on the underlying merits of the claims, plaintiff has failed to establish at this juncture that he is likely to succeed on the merits of his claims, nor that he is likely to suffer irreparable harm.  Accordingly, the Court **DENIES** plaintiff's motion for a temporary restraining order.

The Court **SETS** a Case Management Conference for **Monday, May 22, 2017** at **2:00 p.m.** in the Federal Building, 1301 Clay Street, Oakland, California, Courtroom 1.  By **May 15, 2017**, the parties must file a case management conference statement in accordance with the Local Rules of the Northern District of California and this Court's Standing Order.[1]

This Order terminates Docket Number 3.

**IT IS SO ORDERED.**

Dated: February 15, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court also reminds plaintiff of his obligations to file proof of service of the complaint on the defendants in this action.  Per Federal Rule of Civil Procedure 4(m)–(*l*), such must be served on defendants within ninety (90) days of filing a complaint, and proof thereof must be filed with the Court.