United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HOWARD HERSHIPS,**<br>Plaintiff**,**<br>vs.<br>**TANI CANTIL-SAKAUYE, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-00473-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br>Re: Dkt. No. 53 |

Plaintiff initiated this action on January 30, 2017, alleging certain civil rights violations against defendants, related to the imposition of certain traffic fines and the subsequent suspension of his driver's license for failure to pay the same. (Dkt. Nos. 1.) Concurrently, plaintiff also filed a motion for a temporary restraining order asking this Court to order reinstatement of his driver's license. (Dkt. No. 3.) The Court held a phone conference on February 6, 2017, during which the parties discussed potential avenues for informal resolution of the instant action. (Dkt. No. 9.) On February 13, 2017, plaintiff filed an amended motion for a temporary restraining order, in which he made claims that defendants were refusing to participate in the necessary processes to resolve his claim. (Dkt. No. 10.) On February 15, 2017, the Court denied plaintiff's motion, explaining that he failed to establish likelihood of success, or that he was likely to suffer irreparable harm. (Dkt. No. 14 at 2.)

Now before the Court is plaintiff's renewed motion for a temporary restraining order, asking the Court to enjoin defendants from imposing all traffic court penalty assessments, fines, and fees. (Dkt. No. 53.) Additionally, plaintiff complains that without his requested relief, he would not be able to obtain reinstatement of his driver's license. Plaintiff's requested relief in the instant motion appears at first blush to be distinct from his requested relief in his initial motion for a temporary restraining order. However, essentially, plaintiff seeks to have this Court reconsider its prior order denying his motion for a temporary restraining order.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion and one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Pursuant to Local Rule 7-9(c), "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

As an initial matter, plaintiff did not obtain leave to file a motion for reconsideration, and his instant motion is replete with arguments raised in his previous motion for a temporary restraining order in violation of Civil Local Rules 7-9(a) and (c). Additionally, plaintiff does not satisfy any of the grounds for reconsideration set forth above. Thus, reconsideration of the Court's prior denial of plaintiff's initial motion for a temporary restraining order is inappropriate here.

In any event, even if the Court were to reach the merits of plaintiff's motion for a temporary restraining order, plaintiff would not prevail. Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.

2

*Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted).  Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors:  (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council Inc.*, 555 U.S. 7, 20 (2008).  Plaintiff has not established that he is likely to succeed on the merits of his claim, nor that he is likely to suffer irreparable harm in the absence of preliminary relief.

Accordingly for the foregoing reasons, the Court **DENIES** plaintiff's motion for a temporary restraining order.

This Order terminates Docket Number 53.

**IT IS SO ORDERED.**

Dated: May 26, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**