# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOWARD HERSHIPS,** | CASE NO. 17-cv-00473-YGR |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE PURSUANT TO 28 U.S.C. SECTION 1657 AND TO EMPANEL A THREE-JUDGE COURT PURSUANT TO 28 U.S.C. SECTION 2284** |
| vs. | |
| **TANI CANTIL-SAKAUYE, ET AL.,** | |
| Defendants. | Re: Dkt. No. 16 |

Plaintiff brings this action against defendants Tani Cantil-Sakauye in her capacity as the Director of the California Judicial Council and Jean Shiomoto in her capacity as the Director of the California Department of Motor Vehicles, alleging the violation of his civil rights in connection with the suspension of his driver's license. (Dkt. No. 17, "FAC.")

Now before the Court is plaintiff's motion to expedite his action pursuant to 28 U.S.C. section 1657 and to empanel a three-judge court pursuant to 28 U.S.C. section 2284. Having considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court **DENIES** plaintiff's motion.[1]

## I. MOTION TO EXPEDITE PURSUANT TO 28 U.S.C. § 1657

Section 1657 provides thus: "[E]ach court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or

---

[1] Plaintiff also requests that the Court set a hearing for a temporary restraining order. The Court has already twice denied plaintiff's motions for the same, and no reason exists to reconsider such decision at this time. Plaintiff further requested that all Rule 26 disclosures be completed by March 15, 2017. The Court finds no reason to expedite disclosure and discovery obligations beyond that required by law.

preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." None of the situations outlined in 28 U.S.C. section 1657 exists here: First, the instant action is not one brought under chapter 153 or section 1826 of Title 28, but rather it is brought under 42 U.S.C. section 1983. Second, the Court has already twice denied plaintiff's motion for a temporary restraining order, and no motion for temporary or preliminary injunctive relief is currently pending. Finally, plaintiff has failed to demonstrate good cause for expediting the current action.[2]

Accordingly, the Court **DENIES** plaintiff's motion to expedite his action pursuant to 28 U.S.C. section 1657.

## II. MOTION TO EMPANEL THREE-JUDGE COURT PURSUANT TO 28 U.S.C. § 2284

Section 2284 provides thus: "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Plaintiff argues that California Government Code sections 68085 and 77003 violate due process because they create a "structural conflict of interest" by establishing a system in which judicial officers of traffic courts rely on money "from finding the defendants guilty verdict [sic] and imposing exorbitant penalty assessments[,] fines[,] and fee[s] to fund the court as well as pay the salaries and benefits of every judicial officer of trial court." (Dkt. No. 16 at 2.) Such, however, does not fall within the narrow circumstances in which section 2284 requires the empaneling of a three-judge court.

Accordingly, the Court **DENIES** plaintiff's motion to empanel a three-judge court pursuant to 28 U.S.C. section 2284.

---

[2] The legislative history of section 1657 further provides examples of situations in which the "good cause" standard could be met, namely, cases in which the failure to expedite would result in mootness or deprive the relief requested of much of its value or result in extraordinary hardship to a litigant or actions where the public interest in enforcement of the statute is particularly strong. *See* H. Rep. No. 98-985 at 6 (1984).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's motion to expedite the instant action and to empanel a three-judge court.

This Order terminates Docket Number 16.

**IT IS SO ORDERED.**

Dated: May 26, 2017

                                      **YVONNE GONZALEZ ROGERS**
                                **UNITED STATES DISTRICT COURT JUDGE**